IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-289-MEF |
| | ) | (WO) |
| ANTONIO CORTEZ WILLIS | ) | |

# **O R D E R**

On February 19, 2007, the defendant filed a Motion to Continue (Doc. #17). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that defense counsel submitted a pretrial diversion request to the Office of the U.S. Attorney on or about February 12, 2007. In order to have this request fully considered before pretrial deadlines for plea negotiations and/or voir dire, jury instructions and motions in limine, a continuance is necessary. The government does not oppose a

continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on February 19, 2007 is GRANTED;

2. That the trial of this case is continued from the March 12, 2007 trial term to the July 9, 2007 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the July 9, 2007 trial term.

DONE this the 21st day of February, 2007.

       /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE